FARMER, Judge,
concurring and dissenting.
When is an oral, substantive stipulation announced clearly and unambiguously in open court and on the record not enforceable? The answer, apparently, is only when enforcement is sought within the Fourth District, for that seems to be the import of today’s decision.
The court says that “it is unclear whether the husband was agreeing to pay the full $90,000 * * I have no doubts that the Husband knew exactly what he agreed to pay. Nor is there any ambiguity in what he said he would pay. We should not assume that when he said “I’ll pay them”, he meant something less than all the items listed on Wife’s list of expenses.[2] On the contrary, we should assume that if he meant something less than the whole, he would have said so with additional limiting language.
I fear that the court is suggesting as a general principle of universal application that stipulations made during a contested hearing are not later enforceable where the stipulating party had previously taken a position contrary to the stipulation. If so, few concessions on discrete issues during a trial or contested hearing would stand, and we should thereby needlessly require litigants to continue to fight issues that they wish to concede.
*783 As a practical matter, when the adverse party concedes an issue under these circumstances, the other side typically stops arguing on the conceded subject at that point and turns immediately to another. By not enforcing the concession against the conceding party, we are depriving his adversary of that occasion to finish their case on that issue and thereby causing duplica-tive proceedings. That policy seems to me to be very unpalatable jurisprudentially.
We should not be placing barriers to stipulations, we should be encouraging them. We should not labor to find reasons not to enforce them, we should rather seek grounds to affirm them. We should not ignore spontaneous concessions vocalized by the party instead of his lawyer. It is his money, not the lawyer’s; he should make the “business decision” to pay or fight.
When the trial court cut off further discussion on this issue, it was understandable. The husband had just agreed to pay it! The court’s failure to include a provision in the temporary relief order is thus simply indefensible. We should not send this case back so that Wife can request “further proceedings” on the issue. There is only one reason to send this issue back to the trial court and that is the entry of an order enforcing Husband’s concession to pay the expenses he so obviously agreed to Pay.
In all other respects, I agree with the court’s decision.

. To search for an ambiguity in the husband’s words is to torture provocation out of harmony, confrontation from repose, contention from agreement. Then to find it is to justify the effort. Such an enterprise comes uncomfortably close to judicial advocacy. That is not the business of this court.